UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ARLET JAQUELINE PERRY GOMEZ, individually and on behalf all other employees similarly situated,

Plaintiff,

- against -

LA HOGUERA PAISA RESTAURANT BAKERY CORP., JOSE RESTREPO, ROSA INEZ RESTREPO, JOHN DOES and JANE DOES # 1-10

Defendants.

Case No.

**COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND**

---

Plaintiff ARLET JAQUELINE PERRY GOMEZ ("Plaintiff") on her own behalf and on behalf of all others similarly situated, by and through their undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants LA HOGUERA PAISA RESTAURANT BAKERY CORP., JOSE RESTREPO, ROSA INEZ RESTREPO, John Doe and Jane Doe # 1-10 ("Does") (collectively "Defendants"), alleges and shows the Court the following:

## INTRODUCTION

1.      This is an action brought by Plaintiff on her own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked,

minimum wage, and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) damages for Plaintiff's illegal retaliation by Defendants (4) reimbursement of unlawfully deduced and retained tips (5) liquidated damages, (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

4.      Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that she is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) damages for Plaintiff's illegal retaliation by Defendants (4) reimbursement of unlawfully deduced and retained tips (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (5), up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (6) liquidated damages equal to the sum of unpaid minimum wage, unpaid overtime pursuant to the NY Wage Theft Prevention Act; (7) prejudgment and post-judgment interest; and (8) attorney's fees and costs.

5.      Plaintiff further alleges pursuant to New York Human Rights Law, N.Y. Exec. L. 296 (1)(a) and New York City Human Rights Law, N.Y.C.A.C. 8-107(1)(a) that she is entitled to recover damages from defendants due to unlawful harassment based on her gender.

**JURISDICTION AND VENUE**

2

6.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. §1367(a).

7.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

8.      Plaintiff Arlet Jaqueline Perry Gomez is a resident of Queens and was employed by La Hoguera Paisa Bakery Corp. located at 40-12 Queens Blvd., Sunnyside, NY 11104 from July 1, 2014 to May 12, 2016.

9.      At all times relevant to this Complaint, Plaintiff was ostensibly was employed by Defendants as a waitress. However, Plaintiff spent more than two hours per day performing non-waitressing, non-tip duties.

## DEFENDANTS

10.     Upon information and belief, Defendant, La Hoguera Paisa Bakery Corp. owns and operates a bakery and restaurant in Queens, NY located at 40-12 Queens Blvd., Sunnyside, NY 11104.

11.     Upon information and belief, Defendant, La Hoguera Paisa Bakery Corp. has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief La Hoguera Paisa Bakery Corp. purchased and handled goods moved in interstate commerce.

12.     Upon information and belief, Defendant Jose Restrepo is the owner, officer, director and/or managing agent of La Hoguera Paisa Bakery Corp. at 40-12 Queens Blvd.,

Sunnyside, NY 11104 and participated in the day-to-day operations of La Hoguera Paisa Bakery Corp. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with La Hoguera Paisa Bakery Corp.

13.    Upon information and belief, Defendant Jose Restrepo owns the stock of La Hoguera Paisa Bakery Corp. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

14.    Upon information and belief, Defendant Rosa Inez Restrepo is the owner, officer, director and/or managing agent of La Hoguera Paisa Bakery Corp. at 40-12 Queens Blvd., Sunnyside, NY 11104 and participated in the day-to-day operations of La Hoguera Paisa Bakery Corp. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with La Hoguera Paisa Bakery Corp.

15.    Upon information and belief, Defendant Rosa Inez Restrepo, as owner, officer, director and/or managing agent of La Hoguera Paisa Bakery Corp., had authority to hire and fire employees, and in fact, was the person with authority to terminate Plaintiff.

16.    Upon information and belief, Defendant Rosa Inez Restrepo owns the stock of La Hoguera Paisa Bakery Corp. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

17.    Upon information and belief, Defendants John Doe and Jane Doe # 1-10 are the owners, officers, directors and/or managing agents La Hoguera Paisa Bakery Corp. at 40-12

4

Queens Blvd., Sunnyside, NY 11104 and participated in the day-to-day operations of La Hoguera Paisa Bakery Corp. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with La Hoguera Paisa Bakery Corp.

18.    Upon information and belief, Defendant John Doe and Jane Doe # 1-10 owns the stock of La Hoguera Paisa Bakery Corp. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2)

19.    At all times relevant herein, La Hoguera Paisa Bakery Corp. was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

20.    At all relevant times, the work performed by Plaintiff was directly essential to the business operated by La Hoguera Paisa Bakery Corp.

21.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned minimum wages, and overtime compensation, and failed to provide her a wage notice at the time of hiring in violation of the NYLL.

22.    At all relevant times, Defendants knowingly and willfully withheld a portion of Plaintiff's tips.

23.    Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

**STATEMENT OF FACTS**

24.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

5

25.     Defendants knew that the nonpayment of minimum wage, overtime pay, failure to provide the required wage notice at the time of hiring, and withholding of tips would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

26.     From July 1, 2014 to May 12, 2016, Plaintiff was hired by Defendants to work, ostensibly as a waitress, for Defendants' bakery located at 40-12 Queens Blvd., Sunnyside, NY 11104.

27.     From July 1, 2014 to February 12, 2016, Plaintiff worked five days per week, Thursday through Monday. Plaintiff took two days off each week.  Saturday and Sunday, Plaintiff's shift was from 7:00 a.m. until 3 p.m. but she was regularly required to work until 4:00 p.m.  Monday, Thursday, and Friday, Plaintiff's shift was from 3:00 p.m. until 11:00 p.m. Plaintiff regularly worked at least forty three (43) hours per week.  She was paid $5.00 per hour for forty hours.

28.     From February 13, 2016 until April 22, 2016, Plaintiff's hours were reduced.  She worked Monday through Thursday 3:00 p.m. until 11:00 p.m., but she was regularly required to stay past her shift.  Plaintiff regularly worked twenty four (24) to twenty seven (27) hours per week.  She was paid $5.00 per hour.

29.     From April 23, 2016 until May 13, 2016, Plaintiff worked Monday through Thursday 3:00 p.m. until 11:00 p.m., but she was regularly required to stay past her shift. Plaintiff regularly worked twenty four (24) to twenty seven (27) hours per week.  She was paid $7.25 per hour.

30.     Although Plaintiff was employed as a waitress, in actuality, the waitresses were required to spend several hours each day performing non-tipped duties unrelated to waitressing, including sweeping and mopping, cleaning the bathrooms, preparing shakes for customers,

performing cashier work, helping the bakery portion of the restaurant, preparing coffee, and helping the kitchen staff (hereinafter non-tip/non-waitressing duties).

31.     At all times, regardless of duties, Defendants have paid these tipped workers at a rate that is lower than the required tip-credit rate.

32.     However, under both the FLSA and the NYLL, Defendants were not entitled to take a tip credit because Plaintiff's non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

33.     Plaintiff was never notified by Defendants that her tips would be included as an offset for wages.

34.     Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff's wages.

35.     Defendants withheld a portion of Plaintiff's tips.  Specifically, waitresses are required to split their tips with Defendant Rosa Inez Restrepo.

36.     Under the FLSA and NYLL, in order to be eligible for "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

37.     In addition, defendants required Plaintiff, and all other waitresses, to perform general non-waitressing, non-tipped restaurant tasks in addition to their primary duties as waitresses.  Plaintiff and all other similarly situated employees, were employed ostensibly as tipped employees by Defendants, but their actual duties included greater or equal time spent performing non-tipped duties.

38.     Plaintiff was not provided any uninterrupted breaks or any time for meals.

39.     Plaintiff was required to sign inaccurate records of her hours in order to receive payment.

40.     Defendants did not provide Plaintiff with a wage notices at the time of their hiring.

41.     The applicable minimum wage for the period of December 31, 2013 to December 30, 2014 is $8.00 per hour.

42.     The applicable minimum wage for the period of December 31, 2014 to December 31, 2015 is $8.75 per hour.

43.     The applicable minimum wage for the period of December 31, 2015 to the present is $9.00 per hour.

44.     Defendants did not compensate Plaintiff for minimum wage or overtime compensation according to state and federal laws.

45.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

46.     Defendants knew that the nonpayment of minimum wages, and overtime premium would economically injure Plaintiff and the Class Members by their violation of federal and state laws.

47.     Defendants knew that improper withholding of tips would economically injure Plaintiff and the Class Members by their violation of federal and state laws.

48.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

49.     Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay and pay day.

50.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages, and required Plaintiff to sign inaccurate records.

51.     Defendants did not provide Plaintiff and other Class members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Class members' pay increase(s).

52.     Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiff, and the Class.

### Sexual Harassment Factual Allegations

53.     After January 1, 2015, on many occasions, Defendant Jose Restrepo engaged in a pattern of behavior in which he would sexually harass Plaintiff when his wife, Defendant Rosa Inez Restrepo was not present.

54.     Defendant Jose Restrepo repeatedly asked Plaintiff when she would have sex with him.  She would tell him that he was old enough to be her father, and would try to avoid him whenever possible.

55.     As recently as March 10, 2016, Defendant Jose Restrepo propositioned Plaintiff. He offered her a ride, and during this car ride asked her if she wanted to make more money.  He offered her money in exchange for sex.  She informed him that she would not do that.

56.     Defendant's constant abusive mistreatment of Plaintiff has caused her serious mental and emotional distress.

### Retaliation Factual Allegations

57. On or about May 10, 2016, Plaintiff contacted this firm regarding her claims. Plaintiff's counsel wrote a letter to Defendant Jose Restrepo, explaining Plaintiff's claims and offering an opportunity to discuss them.

58. On or about May 29, 2016, Defendant Jose Restrepo visited Plaintiff's place of employment.

59. Defendant Jose Restrepo informed Plaintiff's employer that Plaintiff intends to sue him.

60. Furthermore, Defendant Jose Restrepo advised Plaintiff's employer to fire her.

## COLLECTIVE ACTION ALLEGATIONS

61. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff or other similarly situated employees.

62. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

63. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, and overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to

the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

64.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than fifteen (15) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

65.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

66.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

67.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively

small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

68.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members the minimum wage in violation of the FLSA and the regulations promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

d.  Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

e. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

69.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

70.     Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

71.     Plaintiff brings her NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at their rstaurant, doing business as La Hoguera Paisa Bakery Corp. on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

72.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

73.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than fifteen (15) members of the class.

74.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, and overtime compensation. Defendants' corporation wide policies and practices, including but not

limited to their failure to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

75.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

76.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct

for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

77. Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

78. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b. Whether Defendants paid Plaintiff and Class members the New York minimum wage for all hours worked;

c. Whether Plaintiff and Class members are entitled to overtime under the New York Labor Law;

d. Whether the Defendants provided wage notices at the time of hiring to Plaintiff and class members as required by the NYLL;

e. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work.

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Minimum Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

79.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80.     At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

81.     At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

82.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

83.     The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. §206(a).

84.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

85.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

86.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory

minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Minimum Wage]

87.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

88.    At all relevant times, plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

89.    Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

90.    Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT III
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

91.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

92.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

93.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

94.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

95.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

96.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

97.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

98.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT IV**
**[Violation of New York Labor Law—Overtime Pay]**

99.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

100.    Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

101.    Defendants' failure to pay Plaintiff and the Rule 23 Class their overtime pay violated the NYLL.

102.    Defendants' failure to pay Plaintiff and the Rule 23 Class was not in good faith.

**COUNT V**
**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement]**

103.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

104.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

105.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay,

regular pay cycle and rate of overtime on his or her first day of employment.

106.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiff even after the fact.

107.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**COUNT VI**
**[Violation of New York Labor Law—New York Pay Stub Requirement]**

108.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

109.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

110.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after Plaintiff's payday.

111.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

**COUNT VII**
**[Violation of the Fair Labor Standards Act — Improper Retention of Tips**
**Brought on behalf of Plaintiff and the FLSA Collective]**

112.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

113.    Plaintiff brings this Cause of Action pursuant to 29 U.S.C § 216(b) on behalf of themselves and all other similarly situated persons, if any, who consent in writing to join this action.

114.    The FLSA prohibits any arrangement between the employer and a tipped employee whereby any part of the tip received becomes the property of the employer. A tip is the sole property of the tipped employee.

115.    Upon information and belief, Defendants did not allow Plaintiff and the FLSA Collective to retain all the tips they earned. Rather, upon information and belief, Defendants unlawfully retained portions of the tips earned by Plaintiff and the FLSA Collective.

116.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255. Defendants were aware or should have been aware that the practices described in this Collective Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

117.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

118.    Due to Defendants' FLSA violations, Plaintiff, on behalf of themselves and the FLSA Collective, are entitled to recover from Defendants the tips that were unlawfully retained by the Defendants, an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA, together with interest, reasonable attorneys' fees, costs and disbursements in connection with this action, pursuant to 29 U.S.C. § 216(b).

### COUNT VIII
### [Violation of New York Labor Law Unlawful —Retention Gratuities Under NYLL]

119.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

120.    At all times relevant to this action, Plaintiff were employed by some or all of the Defendants within the meaning of NYLL §§ 2 and 651.

121.    NYLL § 196-d bars an employer from retaining "any part of a gratuity or of any charge purported to be gratuity [.]"

122.    Defendants retained part of Plaintiff's gratuities for unauthorized purpose in violation of NYLL § 196-d.

123.    Defendants retained part of Plaintiff's gratuities and distributed them to tip-ineligible employees in violation of NYLL § 196-d.

124.    Defendants' retention of Plaintiff's gratuities was willful.

125.    Accordingly, Plaintiff is entitled to recover from Defendants, jointly and severally, damages in the amount of unlawfully retained gratuities and an amount equal to one quarter of their unlawfully retained gratuities in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-and post-judgment interest, pursuant to NYLL § 198.

### COUNT IX
### [Violation of the Fair Labor Standards Act — Retaliation]

126.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

127.     Defendants willfully and unlawfully retaliated against Plaintiff for her exercise of protected activities, namely, the discussion of her claims with an attorney on May 13, 2016.

128.     In retaliating against Plaintiff, Defendants knowingly acted in deliberate disregard of Plaintiff's rights.

129.     Defendants conduct violated the FLSA §215.

130.     As a direct and proximate consequence of Defendants' intentional, unlawful and discriminatory employment practices, Plaintiff has suffered, and continues to suffer, monetary damages including but not limited to, a loss of income, including past salary and future salary.

131.     As a direct and proximate consequence of the Defendants' intentional, unlawful and discriminatory employment policies and practices Plaintiff has suffered and continues to suffer non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

## COUNT X
### [Violation of New York Labor Law – Retaliation]

132.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

133.     Defendants willfully and unlawfully retaliated against Plaintiff for her exercise of protected activities, namely, the discussion of her claims with an attorney on May 13, 2016.

134.     In retaliating against Plaintiff, Defendants knowingly acted in deliberate disregard of Plaintiff's rights.

135.     Defendants' conduct violated the New York Labor Law §215.

136.    As a direct and proximate consequence of Defendants' intentional, unlawful and discriminatory employment practices, Plaintiff has suffered, and continues to suffer, monetary damages including but not limited to, a loss of income, including past salary and future salary.

137.    As a direct and proximate consequence of the Defendants' intentional, unlawful and discriminatory employment policies and practices Plaintiff has suffered and continues to suffer non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

**COUNT XI**
**[New York Human Rights Law – Sex Discrimination]**

138.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

139.    By their conduct and that of their employees and agents above, the defendants unlawfully harassed and discriminated against Plaintiff based on gender, in violation of the New York Human Rights Law, N.Y. Exec. L. 296 (1) (a).

140.    The defendants acted willfully and in deliberate disregard of Plaintiff's civil rights.

141.    Plaintiff was damages by Defendants in an amount to be determined at trial.

**COUNT XII**
**[New York City Human Rights Law – Sex Discrimination]**

142.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

143.    By their conduct and that of their employees and agents above, the defendants unlawfully harassed and discriminated against Plaintiff based on gender, in violation of the New York City Human Rights Law, N.Y.C.A.C 8-107(1)(a).

144.    The defendants acted willfully and in deliberate disregard of Plaintiff's civil rights.

145.    Plaintiff was damages by Defendants in an amount to be determined at trial.

### Prayer For Relief

WHEREFORE, Plaintiff, on behalf of himself and the FLSA collective plaintiffs, respectfully requests that this court enter a judgment providing the following relief:

a)   Authorizing plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)   Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c)   Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class counsel;

d)   Certification of this case as a collective action pursuant to FLSA;

e)   Issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. §216(b), and appointing Plaintiff and her counsel to represent the Collective Action Members;

f)   A declaratory judgment that the practices complained of herein are unlawful under

FLSA and New York Labor Law;

g)  An injunction against La Hoguera Paisa Bakery Corp., its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h)  An award of unpaid wages and minimum wages due Plaintiff and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

i)  An award of unpaid overtime wages due under FLSA and New York Labor Law;

j)  An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

k)  An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

l)  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, minimum wages, and overtime compensation, premium pursuant to New York Labor Law;

m)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

n)  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, minimum wages, and overtime compensation pursuant to New York

Labor Law;

o)  An award of non-monetary damages including, but not limited to, compensation for Plaintiff's humiliation and emotional distress and suffering, in an amount to be determined at trial, and punitive damages, together with interest thereon from the time of the initial loss until satisfaction of judgment as well as with post-judgment interest thereon;

p)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

p)  The cost and disbursements of this action;

q)  An award of prejudgment and post-judgment fees;

r)  Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

 s)  Awarding Plaintiff compensatory damages and all other appropriate relief under the NYHRL;

t)  Awarding compensatory damages, punitive damages, attorneys' fees, and all other appropriate relief under the NYCHRL;

u)  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of

himself and the Collective Action Members and members of the Class, demands a trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York June 7, 2016          HANG & ASSOCIATES, PLLC.

                                               */S/ JIAN HANG*
                                               Jian Hang, Esq.
                                               136-18 39th Ave., Suite 1003
                                               Flushing, New York 11354
                                               Tel: 718.353.8522
                                               jhang@hanglaw.com
                                               *Attorneys for Plaintiff*

# EXHIBIT 1

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed La Hoguera Paisa Restaurant Bakery Corp. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

ARLET PERRY
Full Legal Name (Print)

Signature

6/6/16
Date

# EXHIBIT 2

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

TO:  JOSE RESTREPO and ROSA INEZ RESTREPO

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that ARLET JAQUELINE PERRY GOMEZ, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of LA HOGUERA PAISA RESTAURANT BAKERY CORP. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.


      Dated: June 7, 2015

# EXHIBIT 3

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND
MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE
BUSINESS CORPORATION LAW**

TO:    La Hoguera Paisa Bakery Corp.
        40-12 Queens Blvd.,
        Sunnyside, NY 11104

      PLEASE TAKE NOTICE, that ARLET JAQUELINE PERRY GOMEZ and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

      HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

      Dated: June 7, 2016